NELSON *v.* FERRIS.

## George H. Nelson v. William P. H. Ferris and others.

*Findings of fact: Conclusions of law: General allegation of error: Practice.*
Where the only error alleged relates to the conclusions of law from the facts found, if the findings of fact support the judgment rendered, it is unimportant whether the conclusions of law apart from the judgment are correct or not.

*Mortgaged chattels: Mortgagor's interest: Execution: Levy: Possession.* The mortgagor's interest in mortgaged chattels is subject under our statutes to levy and sale on execution; and the chattels can not lawfully be taken by the mortgagee from the possession of the sheriff while he holds under such a levy and is proceeding to sale.

*Chattel mortgages: Purchaser of the debt: Equitable title: Mortgagor's interest: Merger.* One who purchases a note secured by mortgage and takes no legal transfer by endorsement of the note or by assignment of the mortgage, acquires only an equitable interest; but that interest would enable him to deal with the mortgage for all beneficial purposes; and if he afterwards purchase the mortgagor's interest subject to a levy, his title becomes complete except as against the levy.

*Purchase of property subject to a levy: Estoppel: Trespass: Levy: Judgment: Satisfaction.* One thus situated, who has purchased subject to a levy, is estopped from denying the levy, and his seizure of the chattels while under the levy is a trespass; and he will not be heard to insist that the judgment was satisfied by a levy which he himself had unlawfully defeated.

*Execution: Levy defeated: Alias execution: Fraudulent sales.* Where an execution, which had been levied on such chattels and the levy thus unlawfully defeated, has been returned unsatisfied, with a statement of the facts, a further execution may issue; and as against a judgment creditor who is proceeding with diligence, any disposition of property made with a direct design of defeating his remedy is fraudulent and void.

*Fraudulent grantee: Tortious interference with a levy: Subsequent purchasers.* A fraudulent grantee, to whom a judgment debtor has transferred his property subject to a levy, can not put himself in any better position by a tortious interference with that levy; and the property in his hands, or in the hands of any *mala fide* holder under him, would continue to be held under the character of a disposition in fraud of the judgment creditor.

*Heard October 29. Decided October 30.*

Case made from Kent Circuit.

*D. E. Corbitt,* for plaintiff.

*Benjamin F. Sliter,* for defendants.

CAMPBELL, J.

Plaintiff sued defendants in trespass for levying upon certain personal property in his possession, and which he claimed to own. The levy was under a judgment against

30 MICH.—63.

Otto S. Hill and James M. Ferris, in favor of defendant Levi.

As the only error set up in the record is the judge's conclusion of law from the facts found, we are only required to consider whether the facts found support the judgment. If they do so, it is not very important to inquire whether the conclusions of law apart from the judgment are correct or not. Unless plaintiff has been injured by the judgment it will not be disturbed.

From an inspection of the finding the following facts appear. Ferris and Hill, the execution debtors, owned the property originally. In March, 1871, they gave a chattel mortgage on it to J. G. Chamberlin, with three negotiable notes, payable on the 1st days of June, September and December, 1871.

In June, 1871, Ferris and Hill gave a second chattel mortgage to one Norton, to secure a negotiable note due January 1, 1872.

September 16, 1871, one Tate, as deputy sheriff, levied upon these chattels in the possession of Ferris and Hill, on an execution under the Levi judgment.

At the time of this levy one Theodore Nelson had purchased the second and third Chamberlin notes (the first being paid and the third part paid), but they were not endorsed to him, and he had no assignment of the mortgage.

After Tate's levy, Theodore Nelson paid up the Norton mortgage, and purchased Ferris and Hill's title, subject to all liens, levies, and encumbrances.

Thereupon plaintiff and an agent of Theodore Nelson took the property away from Tate and removed it from Lowell to Grand Rapids, in the same county, in October, 1871.

On or about the 16th day of November, 1871, on its return day, Tate returned the execution unsatisfied, with a statement of the facts. A new execution was immediately levied under the same judgment, by a constable, and the

property was taken from plaintiff and sold; and this is the trespass sued for.

On these facts judgment was rendered for defendants.

When Theodore Nelson purchased the property it was under a valid levy as against Ferris and Hill. This interest was subject to levy and sale, saving any rights of mortgagees, and could not lawfully be taken from the sheriff's possession by any one, so far as any facts appear in the finding. When it was bought by Nelson he had no legal transfer of the Chamberlin notes or mortgage, but only an equitable interest; but that interest would enable him to deal with the mortgage for all beneficial purposes; and by purchasing from Ferris and Hill, expressly subject to the levy, the title which he held became complete in him, except as against the levy; for he held the debt and the legal title to the chattels, and so had full ownership.

By that purchase Nelson was estopped from denying the levy, and his seizure was itself a trespass. He could not claim that the judgment was satisfied by a levy which he himself had unlawfully defeated. It was therefore lawful to issue a further execution, because the judgment was in force and unpaid. And as against a judgment creditor who was proceeding with diligence, any disposition of property made with a direct design of defeating his remedy would be fraudulent and void, on the plainest principles of law. If Ferris and Hill had attempted to make such a fraudulent transfer, it could not prevail against an execution. A fraudulent grantee, to whom they transferred it subject to a levy, could not put himself in any better position by a tortious interference with that levy. The property in his hands, and in the hands of any *mala fide* holder under him, would continue to be held under the character of a disposition in fraud of the creditor.

The second levy was good against any such fraudulent holding, and the judgment was correct, and must be affirmed, with costs.

The other Justices concurred.