## DAWSON *v.* JAMES ET AL.

WATERCOURSE.— *Wabash River Navigable.—Riparian Ownership.—United
States Lands.*—The Wabash river is a navigable stream, the bed of which
has neither been surveyed nor sold.

CONVEYANCE. — *Description.* — *Mistake.—Reforming Deed.—Congressional
Surveys.—Supreme Court.—Judicial Notice.—Action to Recover Real Estate.*
—A conveyance of a certain tract of land described the same as " The
south-west fraction of section 17, town 22, range 6 west," in Warren county,
Indiana, " except 20 acres off of west side of above described south-west
quarter " section ;—such section being a portion of the public lands sur-
veyed, platted and sold by the United States, and being so traversed by
the Wabash river, in a south-westerly direction, as to cut off an irregularly

Dawson v. James et al.

shaped portion of the south-east corner of the south-west quarter thereof as shown by the plat of the government survey.

Held, in an action by one claiming under such deed, against the heirs of the grantor, to reform the description in such deed and to recover possession, that such description is sufficient without reformation.

Held, also, that the Supreme Court takes judicial notice of the location of the counties of this State, and that the description "Town 22" in such deed is equivalent to "Town 22 North."

From the Warren Circuit Court.

L. T. Miller, W. P. Rhodes, R. C. Gregory and W. B. Gregory, for appellant.

J. M. Rabb, for appellees.

NIBLACK, J.—This was an action to reform a deed, to quiet title, and to recover the possession of certain real estate.

The complaint contained three paragraphs.

The first paragraph alleged, that one William J. James was, on the 27th day of January, 1871, seized in fee-simple and in the possession of a tract of land lying in Warren county, described as follows:

"All that portion of the south-west quarter of section 17, in township 22 north, range 6 west of the second principal meridian, which lies in said county of Warren, and north of the Wabash river (except 20 acres off the west side of said quarter section, being a slip of 160 rods long, running north and south, by 20 rods wide, running east and west,) containing 97 and $\frac{45}{100}$ acres;" and that, on that day, the said James, together with his wife, Sarah James, sold and conveyed said tract of land to one Henry C. Dawson; that, in conveying said tract of land, the said James and wife erroneously described it as "being the following real estate in Warren county, Indiana, described as follows: The south-west fraction of section 17, town 22, range 6 west, * * * except 20 acres off of west side of above described south-west quarter;" that, on the 15th day of September, 1873, the said Henry C. Daw-

son sold and conveyed the tract of land above referred to, and correctly described, to Charles J. Dawson, the plaintiff; that, since his conveyance of said land to the said Henry C. Dawson, the said William J. James had died intestate, leaving the defendant Sarah James, above named, as his widow, and the other defendants, Ellen Collier, intermarried with Isaac Collier, Irving James and Charles F. James, as his only children; that the said William J. James put the said Henry C. Dawson into the possession of the land first above described at the time he conveyed the same to him, said Dawson; that the defendants denied the title of the plaintiff to said land, and claimed the same adversely to the plaintiff. Wherefore the plaintiff prayed that the deed from the said William J. James to the said Henry C. Dawson might be reformed, and that his title might be quieted.

The second paragraph was in the usual form for the recovery of the possession of real estate, describing the land as " The south-west fraction of the south half of section 17, in township 22 north, of range 6 west, in the district of lands offered for sale at Crawfordsville, Indiana, containing one hundred and seventeen acres and forty-five hundredths of an acre, according to the official plat of the survey of said lands returned to the general land-office by the surveyor general, except twenty acres off the west side, leaving ninety-seven and forty-five one-hundredths acres."

The third paragraph gave a history of the plaintiff's title, substantially the same as given in the first paragraph, concluding with a demand for the recovery of the possession of the land in controversy.

The defendants answered in general denial; also in several special paragraphs.

Issue being joined, the cause was submitted to a jury for trial.

Verdict for the defendants.

Motion for a new trial overruled, and judgment on the verdict.

Upon the trial, the plaintiff, amongst other things and in connection with considerable oral testimony, gave in evidence the deed from William J. James to Henry C. Dawson; also the deed from said Dawson to the plaintiff; also the plat of the original survey of said section seventeen, which was substantially as follows:

At the proper time the court instructed the jury, that "The deed from James to Dawson, of date of 27th of January, 1871, conveys nothing by the description, 'southwest fraction of section 17, town 22, range 6 west, in Warren county, Indiana,' and does not, by the language used in it, convey the land in dispute to Dawson."

The giving of this instruction, being properly excepted to, was assigned as one of the causes for a new trial, and the exception thus reserved to the instruction constitutes

the only question discussed by the appellant, at the present hearing.

The descriptive part of a deed is to be construed with reference to the actual state of the property conveyed by it at the time of its execution, and the parties are supposed to refer to this for a definition of the terms made use of in the deed. 3 Washb. Real Prop. 384.

The land in dispute in this action was originally a portion of the public lands of the United States, which were laid off and platted into townships, sections and smaller subdivisions, and which have been offered for sale and sold according to the descriptions afforded by the surveys and plats of such lands, made and perpetuated under authority of law. 1. U. S. Stat., p. 464, and 2 U. S. Stat., p. 73.

The plat in evidence in this case gives a description of the location, situation and subdivisions of the section of which the land in suit constitutes a part, at the time such land was sold by the United States, and at the time it was conveyed by James to Dawson.

As has been seen, the Wabash river, a navigable stream, the bed of which has neither been surveyed nor sold, runs through this section, and cuts three of its quarter sections into fractional parts. In applying the points of the compass to this section, we must imagine ourselves as standing in the middle of the section. From that stand-point one fractional part lies mainly to the north-east, another principally to the south-east, and the remaining one to the south-west. This latter fractional part embraces all of the south-west quarter of this section, which lies north and west of the river, and when the south-west fraction of this section is referred to, that part of the south-west quarter of it lying north and west of the Wabash river is necessarily implied. But, aside from this construction of the plat in evidence, the reservation attached to the description in the deed from James to Dawson seems to us to

sufficiently indicate the portion of the section in which the land intended to be conveyed by it lies.

This reservation says, "except 20 acres off of west side of above described south-west quarter;" thus making it manifest that the parties understood the phrases "south-west fraction" and "south-west quarter" as referring to and describing the same tract of land. Stating the land to be in town 22, in Warren county, Indiana is equivalent to describing it as in town 22 north, as we must take judicial notice of the location of Warren county, with reference to ranges and congressional townships.

We are unable to see that the deed from James to Dawson needs any reformation. *Key* v. *Ostrander*, 29 Ind. 1; *The German M. Ins. Co.* v. *Grim*, 32 Ind. 249; *Bowen* v. *Wood*, 35 Ind. 268.

From what has been said, it is evident that the instruction given by the court in this case can not be sustained.

The judgment below is reversed, with costs, and the cause remanded for a new trial.