## McELHANEY v. SHOEMAKER *et al.*

**Mortgage**: MERGER IN LEGAL TITLE: PRIORITY. Where one who has the first mortgage on land takes, for further security, a deed for the land, and gives back a bond to reconvey upon the payment of a named sum, the mortgage does not, in the absence of an intention to that effect, merge in the legal title, so as to let in a second mortgage as a first lien on the land; and such intention will not be presumed, but the contrary, since such result would be against the interest of the first mortgagee. ( See cases cited in opinion.) Indeed, the effect of the deed and bond to reconvey is simply that of another mortgage, under Code, sections 3329, 3330.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

### FILED, DECEMBER 22, 1888.

ACTION to foreclose several mortgages. There was a decree granting the relief prayed for in plaintiff's petition. Defendant, Mary Long, appeals.

*D. E. Voris,* for appellant.

*J. D. Nichols,* for appellee.

BECK, J.—I. The controversy in this case is between plaintiff and defendant Mary A. Long, who claims priority under a mortgage to her executed upon the land covered by plaintiff's mortgage. The following statement will disclose the facts of the case so far as they need be stated, and the points of contention between the parties: The defendant Shoemaker executed a promissory note to Long for five hundred dollars, which was secured by mortgage filed for record, January 17, 1882. The note. was transferred to plaintiff. Shoemaker executed another promissory note for five hundred dollars to Long, which was secured by mortgage filed for record, January 26, 1883, covering the same lands conveyed by the prior mortgage, and another note and

mortgage on the same lands, to secure three hundred dollars, were made by Shoemaker to Long, which was filed for record August 4, 1883. These notes were likewise transferred to plaintiff. Subsequently, Shoemaker executed his promissory note for three hundred dollars to plaintiff, which was secured by mortgage upon the same lands, recorded January 25, 1884. Afterwards, Shoemaker made his note to Long for $260.25, secured by mortgage on the same real estate. Subsequent to these transactions Shoemaker, in order to further secure plaintiff, conveyed to him the lands mortgaged. Plaintiff executed a title-bond obligating himself to reconvey the land upon the payment of two thousand dollars, the amount due on the several notes and mortgages held by plaintiff. Plaintiff insists that it was not the design and purpose of the parties to surrender or cancel the notes and mortgages originally given by Shoemaker, and transferred to plaintiff, or to merge the mortgages in the legal title to the land conveyed to him by Shoemaker. Long maintains that it was the intention and the purpose of the parties to merge the mortgages in the legal title acquired by plaintiff. The evidence fails to establish such intention, and it cannot be inferred from the facts before us. Indeed, we think the inference is plain that no such purpose existed. The deed to plaintiff was made for additional and further security to plaintiff. Of this there can be no question. It, with the bond to reconvey, was in law and in effect a mortgage. Code, secs. 3329, 3330. If the notes and mortgages had been cancelled, and the mortgages had merged in the legal title held by plaintiff, the last note and mortgage given to Long would have had priority over the new security,—the deed taken by plaintiff. Surely the inference should be drawn that plaintiff did not intend to do such an absurd thing as to voluntarily surrender priority. But it is said plaintiff agreed to pay the note still held by Long. The evidence fails to establish this claim. That the transaction in which plaintiff acquired the

notes and mortgages was not intended as a payment thereof is inferred from the fact that Long transferred the notes to plaintiff. This, of course, was voluntarily done, for she could not have been compelled to do it. We will, from these facts, infer that the parties did not intend that the transaction should be a payment of the notes, and that the mortgages should merge in the legal title conveyed by the deed to plaintiff. It was clearly against the interest of plaintiff to merge the mortgages in the legal title. The law will infer that he intended nothing of the kind. The law will not infer a merger when it is against plaintiff's interest, as it was in this case. *Smith v. Swan,* 69 Iowa, 412; *Patterson v. Mills,* 69 Iowa, 755. But did plaintiff, by the deed to him, acquire a title into which the mortages would merge? He simply acquired a mortgage interest,—a lien,—as under our statute above cited the deed and bond were in effect a mortgage. Now, under the doctrine of merger, will a mortgage merge into a subsequent mortgage, and will plaintiff's mortgages merge in the lien which he holds under deed and bond? and, if they will, what will be the effect of such merger? These questions need not be answered, in view of the fact that no intention to merge the mortgages has been shown, and none will be inferred under the facts of the case. These considerations dispose of the controlling questions in the case. The decree of the district court is

AFFIRMED.