## B. F. MUSE v. L. E. RICHARDS.

1. EJECTMENT. *Proof of title. · Patent. Certificate from land-office.*

   A plaintiff in ejectment who introduces a patent from the state for the *locus in quo*, which is therein referred to as swamp-land, donated to the state by the act of congress of September 28, 1850, together with a certificate from the general land-office, showing that it is included in the list of swamp and overflowed lands inuring to the state under said act, without other proof, makes out a case. *Fore* v. *Williams*, 35 Miss., 533; *Dowd* v. *Railway Co.*, 68 *Ib.*, 159.

2. SAME. *Evidence. Locus in quo. Identification. Admission.*

   In ejectment, where plaintiff's evidence describes the *locus in quo* by section, township and range, but fails to show whether the range is east or west, if the defendant offers to prove that the land in controversy was sold for taxes and purchased by him, this is an admission that the land is the same as embraced in his proffered deed, and obviates the necessity of any further identification.

3. DESCRIPTION OF LAND. *Government survey. Judicial notice.*

   In ejectment, identification of the land as "lot 9, section 28, township 9, range 5, Madison county, Mississippi, containing 40.30. acres," is sufficient. The court takes judicial notice that, according to the United States government survey, the range is east in this instance, and it is unnecessary to prove this.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

Ejectment by appellee against appellant. On the trial plaintiff introduced in evidence a patent from the state of Mississippi, executed February 12, 1891, in which the land in controversy was conveyed to her. Among other things, the patent recites certain acts of the legislature "relative to swamp-lands donated to the state under act of congress dated September 28, 1850." This recital precedes the granting clause in the patent. Plaintiff then introduced in evidence a certified transcript from the list and certificate of the com-

missioner of the general land-office, said certificate being as follows :

"GENERAL LAND OFFICE, July 20, 1853.

"I, John Wilson, commissioner of the general land-office, do hereby certify that the foregoing is a true copy of list No. 1 of swamp and overflowed land selected as inuring to the state of Mississippi under the provisions of the act of congress approved September 28, 1850, in the district of lands subject to sale at Columbus, Mississippi, taken from the original on file in this office, which was, on the twenty-ninth day of June, 1853, approved by the secretary of the interior."

The land in controversy is described in the declaration as "lot 9, section 28, township 9, range 5 east, Madison county, Mississippi, containing 40.30 acres." It is described in the same way in the patent from the state and in the certified list above mentioned, except that it does not appear in either whether the range was east or west. Plaintiff introduced no other evidence. Thereupon, the defendant offered to introduce a deed from the state of Mississippi to himself. This deed is not set out in the record, but the bill of exceptions recites that it was a deed "comprising the land in controversy." Defendant offered to show that this land was legally assessed for taxes in 1876, and was sold to the state for the non-payment of said taxes on March 5, 1877, and that it was purchased from the state by defendant November 2, 1886. Plaintiff objected, on the ground that the land was not liable to taxation, and this evidence of the defendant, including the deed, was excluded. Certain testimony of defendant, offered to show the value of the improvements placed upon the land, was also excluded. Thereupon, the court gave to the jury a peremptory instruction to find for plaintiff, which was done, and judgment was entered accordingly. Plaintiff appeals.

*W. H. Powell*, for appellant.

Plaintiff's evidence is insufficient. There is no evidence that the land sued for was swamp and overflowed land, and

no proof of its location as required by law. Plaintiff wholly failed to make out her chain of title. The judgment should have been for defendant. See *Fore* v. *Williams*, 35 Miss., 533; *Funston* v. *Metcalf*, 40 *Ib.*, 504; *Dowd* v. *Railway Co.*, 68 *Ib.*, 159.

The proof fails to show whether the range in which the land is situated is east or west. On this point, see *Caruthers* v. *McLaran*, 56 Miss., 371.

*Downs & Ward*, for appellee.

The evidence entitled plaintiff to a recovery. The judgment is right. *Fore* v. *Williams*, 35 Miss., 533.

WOODS, J., delivered the opinion of the court.

There was no error in the action of the learned court below in peremptorily instructing the jury to find for the appellee. Her evidence met, substantially, every requirement of law as declared in our adjudications from *Fore* v. *Williams*, 35 Miss., 533, to *Dowd* v. *Railway Co.*, 68 *Ib.*, 159.

It is true that the certificate of the commissioner of the general land-office, of date July 20, 1853, describes the lot as in range 5, simply, without the addition of the word east or west; but this cannot avail to reverse the judgment complained of. The appellant removed the necessity for proof by appellee that the lands were in range 5 east, by his admission, on offering his tax-deed from the auditor, that the lands involved in the controversy were identical with those in his proffered deed. But, quite independently of this, the courts will take judicial knowledge of the fact that there is but one lot 9, section 28, township 9, range 5 in the surveys of the United States government in what is known as the Columbus land district in this state, and that said range is east, and that there is no such range west. This fact is matter of common, not to say universal, knowledge and concern touching an official, governmental act, of which the courts must take knowledge.

*Affirmed.*