## ROBINSON MERC. CO. v. DAVIS.

(No. 937; Decided March 8, 1920; 187 Pac. 931.)

MORTGAGES—MORTGAGE TO PARTNERSHIP—MORTGAGE CREATES A LIEN
    BUT DOES NOT PASS TITLE—NOTICE OF FORECLOSURE—SUFFICIENCY
    OF DESCRIPTION IN NOTICE—EVIDENCE—JUDICIAL NOTICE OF BOUN-
    DARIES—ESTOPPEL—SUBSEQUENT ACQUISITION OF TITLE BY MORT-
    GAGOR DOES NOT INURE TO BENEFIT OF MORTGAGEE.

1.  Since a mortgage merely creates a lien upon the land and
    does not pass title thereto, a real estate mortgage may be
    executed to a partnership.

2.  In this state, the title to property mortgaged, does not pass
    by the mortgage, to the mortgagee, even on condition
    broken. The mortgage simply creates a lien upon the land
    which must be sold on foreclosure to pass the title.

3.  A foreclosure sale of land under a valid mortgage lien, will
    at the expiration of the redemption period, extinguish a
    subsequent judgment lien.

4.  Notice of foreclosure of a mortgage executed to a partner-
    ship was not objectionable, because it recited the names
    of the partnership members not named in the mortgage;
    such recital being mere surplusage.

5.  The description of land in a mortgage by abbreviations in-
    stead of words, to designate the portions of sections, and
    failing to state whether the township was north or south,
    held, sufficient under evidence showing that all the land
    in the named township was in such township north.

6.  Courts will take judicial notice of the boundaries of the
    counties of the state, of the Government surveys, and of
    the fact that all the land in a given county, township or
    range lies in a certain direction from the principal
    meridian.

7.  A mortgage given on land to which mortgagor had no title,
    containing no covenants of warranty, is insufficient to pass
    title to mortgagee on mortgagor's subsequent acquisition
    of title.

ERROR to the District Court, Weston County; HON. E. C.
RAYMOND, Judge.

Action between the Robinson Merc. Co. and Leaman
Davis and others. There was a judgment in favor of the
Upton Lumber and Hardware Co. and the Robinson Merc.
Co., brings error.

*Metz & Sackett,* for plaintiff in error.

Plaintiff in error is a judgment creditor and claims a lien upon the lands involved, superior to a mortgage deed to the Upton Lumber Co., which, though prior in time to plaintiff's judgment, is attacked on the ground that the alleged mortgagee is a partnership and incapable of taking a mortgage; also that as to 40 acres of the land, mortgagor did not have title to it, on the date of the mortgage, but acquired title subsequent and, under the circumstances, the judgment lien attached as a first lien; the published notice of foreclosure was defective for insufficient description of the land; the certificate of sale under the mortgage foreclosure did not show that a sale had taken place, and it was not acknowledged nor entitled to record, hence insufficient to authorize a sheriff's deed. The 40 acres was acquired after the execution of the mortgage and became subject to the lien of judgment of plaintiff in error (23 Cyc. 1376-81; Coad v. Cowhick, 9 Wyo. 316); the mortgage to the partnership, defendant in error, conveyed no title and could not be foreclosed by advertisement (Menage v. Burke, 45 N. W. 156; Gille v. Hunt, 29 N. W. 2; Tidd v. Rines, 2 N. W. 497); findings numbered 15, 18, 19, 20, 23 are unsupported by the evidence; conclusions of law numbered 5, 6, 13, 14, 16, 17, 18, 21, 25 are not sustained by the evidence or the findings of fact; important portions of the decree are not supported by the evidence and are contrary to law.

*Camplin & O'Marr,* for defendants in error.

There is but one assignment in the petition in error, to-wit: the overruling of the motion for a new trial, but it does not appear in the petition that it was excepted to; errors of law complained of in the motion were not excepted to at the trial, and are, of course, not reviewable (Elliott App. Pro. 795); this is insufficient (12 Kinkead Code Pleading 1275). The petition does not describe the cause wherein the errors occurred, or the judgment to be reviewed as required by Court Rule No. 10. The bill of exceptions is not properly authenticated; the mortgage of the Upton Lumber Co. was

prior in time to the judgment of plaintiff in error; the attaching of a judgment lien does not disturb existing equities (13 Cyc. 1377); the mortgage given the Upton Co. was not a conveyance, but merely a security (40 N. W. 255; 12 A. S. R. 736; 41 N. W. 1056; 95 A. S. R. 742; 75 N. W. 1109); in this state a mortgage is not a conveyance; the judgment of plaintiff in error never attached to the 160 acres (Section 2296, U. S. R. S.); irrespective of the Upton Lumber Co. mortgage, the plaintiff in error could get out an execution against W. H. Ware and take the 160 acres, for the reason that it was exempt from claims that accrued prior to patent (45 Pac. 766; 32 Pac. 460; 70 N. W. 933); but the owner can mortgage it (7 Pac. 693); a mortgage covers after acquired title (42 N. W. 88; 37 N. W. 417; Fuller v. Hunt, 20 Pac. 425). The judgment of the court below should be affirmed.

BEARD, CHIEF JUSTICE.

The only controversy in this case in this court is between the plaintiff in error, Robinson Mercantile Company, and the defendant in error, The Upton Lumber and Hardware Company, The Upton Lumber and Hardware Company claiming to be the owner of two hundred acres of land situated in Weston county, upon which the Robinson Mercantile Company claims a lien by virtue of a certain judgment. The court found in favor of The Upton Lumber and Hardware Company and entered a judgment and decree accordingly, from which the Robinson Mercantile Company brings the case here by proceedings in error.

The facts as they appear by the record are that, December 15, 1909, William H. Ware made final homestead proof and received the receiver's receipt for the N. ½ of the N. W. ¼, the S. E. ¼ of the N. W. ¼, and the N. E. ¼ of the S. W. ¼ of section 35, township 48 North, Range 67 West of the 6th principal meridian, containing 160 acres. That he received a patent therefor from the United States July 12, 1913. That December 29, 1909, Henry E. Ware and wife gave to said William H. Ware a warranty deed to the

N. E. ¼ of the S. W. ¼ of section 26, in said township
and range, containing 40 acres, which deed was filed for
record, February 10, 1910. That Henry E. Ware received a
patent from the United States for said last above described
land December 26, 1913. That June 17, 1911, William H.
Ware and wife gave a mortgage on said 200 acres of land,
and other lands, to The Upton Lumber and Hardware Com-
pany to secure a promissory note for $866.15, dated June 17,
1911, due six months after date, with interest at 10% from
date, said mortgage being filed for record June 23, 1911.
Said mortgage was foreclosed by notice and sale July
10, 1915, The Upton Lumber and Hardware Company be-
coming the purchaser of said 200 acres for the full amount
due on said mortgage. That The Upton Lumber and Hard-
ware Company is a co-partnership composed of Charles E.
Foster and Harold H. Jones. That Robinson Mercantile
Company, a corporation, obtained a judgment in the District
Court of Weston County September 12, 1912, against Wil-
liam H. Ware and Jessie A. Ware, his wife, for $1,387.74,
which remains unsatisfied.

Counsel for plaintiff in error attacks the validity of the
Upton Co. mortgage on two grounds. First, that it is not
made to any person or corporation, the mortgage being given
to "The Upton Lumber and Hardware Company". Second,
"The mortgage does not state whether the township is north
or south, or whether the range is east or west, and the de-
scription of the land is given entirely by abbreviations in-
stead of words, to designate the portions of sections".

Neither of those objections are good. No authorities are
cited by counsel in support of either. As to the first, the
decisions are to the contrary. In Barber v. Crowell, 55 Neb.
571, that court said: "But, on the assumption that the mort-
gagee was a partnership or unincorporated association, it is
contended that it could not take title to real estate, and that
the mortgage was, therefore, a nullity. It is undoubtedly
true that a conveyance of land will be ineffectual to pass the
legal title unless made to a grantee having capacity to re-
ceive it; and it is also true that a partnership possesses no

such capacity. But a mortgage is not a conveyance. It is a mere security in the form of a conditional conveyance, and the interest which it vests in the mortgagee is not essentially different from that created by a mechanic's lien or an ordinary judgment (Davidson v. Cox, 11 Neb. 250; Buchanan v. Griggs, 18 Neb. 121). In the former case it was said: 'In this state, a mortgage of real estate is a mere pledge or collateral security creating a lien upon the mortgaged property, but conveying no title nor vesting any estate, either before or after condition broken.' That a lien on real estate to secure an indebtedness may accrue to a partnership in its firm name has been decided in Foster v. Johnson, 39 Minn. 380, and in Chicago Lumber Co. v. Ashworth, 26 Kans. 212." And in Bank v. Johnson et al., 47 O. St. 306, in the opinion in which case a number of authorities are cited, that court said: "The instrument, the validity of which is questioned in this case, was designed by both parties to be a mortgage. This is apparent on the face of it. The only objection made to it is, the incapacity of the partnership in its firm name to take and hold the legal title to real estate. But this is not material, for if it were so, then, as already shown, Johnson, the mortgagor, would hold the legal title in trust as security for the firm. In such case there would be no need of a formal reformation, as it would be the duty of the court, in the exercise of its equity powers, to treat that as done which ought to have been done, and give effect to the instrument in a proceeding to enforce it, according to the priority of its record, by awarding to the bank a lien upon the land for the satisfaction of the amount due it." In this state, as in the cases cited, the title to the property mortgaged does not pass by the mortgage to the mortgagee even on condition broken. The mortgage simply creates a lien upon the land, and it must be sold on foreclosure to pass the title.

The mortgage was a valid lien from its date upon the 160 acres of land in section 35, and the sale thereof on foreclosure, and the period for redemption having expired, the lien, if any, of the judgment of the Robinson Mercantile

Company become extinguished.   Some objection is made to the sufficiency of the notice of foreclosure because it recited that The Upton Lumber and Hardware Company consisted of Charles E. Foster and Harold H. Jones.   That recital was mere surplusage and did not vitiate the notice. As to the second objection, that the land was not sufficiently described in the mortgage, it was described as "situated in the county of Weston, in the state of Wyoming, to-wit: NE¼ of SW¼, SE¼ of NW¼, N½ of NW¼, section No. 35, T. 48, Range 67 West."   That was sufficient to clearly identify the land.   Counsel is in error in stating that the range was not recited therein as "west", and there was evidence to the effect that all lands situated in township 48 in Weston county were in said township *north*.   In addition to that, courts take judicial notice of the boundaries of the counties of their state, of the government surveys, and of "the fact that all the. land in a given county, township or range lies in a certain direction from the principal meridian" (17 A. & E. Enc. Law, 912 *et seq.*).   And the same is true as to townships (Stoddard et al. v. Sloan et al., 65 Ia. 680; Dawson v. James et al., 64 Ind. 162; McChesney v. City of Chicago, 173 Ill. 75; Muse v. Richards, 70 Miss. 581; Chambers v. Ringstaff, 69 Ala. 140).

The 40 acres in section 26 is in a different situation. While it is stated in the brief of counsel for defendant in error that "a final receipt as a desert land entry was issued to Henry E. Ware Aug. 22, 1907," for that 40, and the court found that at the time of the execution of the mortgage by William H. Ware and wife to The Upton Lumber and Hardware Company, Henry E. Ware had made his final desert entry proof thereon, the record fails to support that finding.   Such receipt, if it had been issued, was not offered in evidence, nor can it be found in the record.   We have searched the record in vain for evidence showing such to be the. fact.   There is nothing in the record showing that Henry E. Ware had any title either legal or equitable to this land prior to the date of the patent, December 26, 1913, or showing that he had made final proof thereon prior to the

date of the mortgage. Henry E. Ware having no title at the time he executed the deed to William H. Ware in 1909, the mortgage of the latter to The Upton Lumber and Hardware Company created no lien upon that 40, and, the mortgage containing no covenants of warranty, no title which he acquired, or which inured to him by virtue of the warranty in the deed from Henry E. Ware, subsequent to the date of the mortgage would inure to the benefit of the mortgagee. The facts here, as they appear by the record, are different from those in the case of Roberts v. Hudson, 25 Wyo. 505. In that case the grantor in the quit claim deed, which was held to be a mortgage, had made final proof on his desert land entry prior to the date of the deed, and had the equitable title at the time the deed was executed. In the present case the mortgagor had no title at the time the mortgage was given. For the reasons stated, the judgment is affirmed in so far as it affects the lands situated in said section 35, and reversed as to the 40 acres situated in said section 26, and the case will be remanded for a new trial as to that 40 acres, and it is so ordered. Each party to pay their own costs in this court.

*Affirmed in part and reversed in part.*

POTTER and BLYDENBURGH, JJ., concur.