## BOLLN v. LA PRELE LIVE STOCK CO.
(No. 978; Decided April 4, 1921; 196 Pac. 748.)

MORTGAGE—PRIORITY OF MORTGAGE LIENS—MORTGAGEE WITHOUT RIGHT OF POSSESSION—DEED INTENDED TO PAY DEBT IS NOT A MORTGAGE—STATUTE OF FRAUDS—AGREEMENT TO ASSUME MORTGAGE DEBT MAY BE BY ORAL PROMISES—FIRST MORTGAGE NOT NECESSARILY MERGED IN CONVEYANCE TO MORTGAGEE—CONVEYANCE OF EQUITY OF REDEMPTION TO FIRST MORTGAGEE—WHO AGREES TO PAY SECOND MORTGAGE MERGES FIRST.

1. The acceptance by a first mortgagee of a third mortgage
   including the amount due on the first mortgage did not,
   in the absence of agreement to the contrary, discharge the
   lien of the first mortgage, and the first mortgagee con-
   tinued to hold first and third liens on the property, un-
   affected by decree foreclosing the second mortgage in an
   action to which he was not a party, but he did not have,
   by virtue of his mortgage liens, any legal ·title or right
   to possession.

2. A first and third mortgagee, after taking possession of the
   land, was entitled to invoke the doctrine regarding the
   rights of a mortgagee in possession to protect his posses-
   sion, unless it appeared that the lien of his first mort-
   gage was extinguished or postponed, so as to give the
   judgment lien of a second mortgage foreclosed priority
   over it.

3. Where the intention was in executing a deed that a debt
   of the grantor be paid, such deed cannot be considered
   a mortgage, despite the statement that the grantor had
   a year "to redeem" the land; it being evidence the
   word was used in the sense of repurchase.

4. An agreement by the grantee of land to assume a mort-
   gage debt may be by oral promise and is not within the
   statute.

5. Where there are two mortgages on an estate, and the first
   mortgagee takes a conveyance of the equity of redemp-
   tion, his first mortgage will not necessarily be merged,
   but he may keep it alive against the second mortgage—
   a rule against merger which is invoked when the justice
   of the case requires it and to carry out the intention of
   the parties expressed by their actions or presumed from
   their interests.

6. Where the first mortgagee taking conveyance of the equity
   of redemption agrees to pay the second mortgage, his own
   mortgage is merged and discharged, so that the junior
   mortgage takes precedence.

*Maurer & Walker,* and *W. B. Ross,* For Plaintiff in Error.
The mortgage and deed executed to Lambe merely
passed Sprachlen's equity of Redemption and did not ef-
fect Mrs. Bolln's mortgage. Mrs. Bolln foreclosed her
ed to redeem. under either the first or second mortgage.
mortgage subject to Lambe's first mortgage, but Lambe fail-

She therefore had a right to possession.  Nobody is entitled to possession under Lambe's first mortgage since it was outlawed.  The deed received by Lambe prior to the issuance of a sheriff's deed to Mrs. Bolln under her foreclosure, would not incumber Mrs. Bolln's title.  Defendant has no interest in the land whatever except what is claimed under the first Lambe mortgage given 14 years before this suit was started.  The deed to Lambe merely conveyed Sprachlen's equity of redemption.  If Lambe's first mortgage were alive it would not entitle plaintiff in error to possession.

*Harvey, Hawley & Garst,* For Defendant in Error.

A sheriff's deed merely passes the interest of persons whose property the sheriff has sold.  (4709 Comp. Stats. 1910).  Mrs. Bolln merely took what the officer could sell. to-wit, what was covered by her mortgage from Sprachlen. Under Lambe's first mortgage he received all the interest and title which the mortgagor had in the premises. (3667 Comp. Stats. 1910; 27 Cyc. 1138) Mrs. Bolln's mortgage was second and under the deed the mortgagor conveyed his equity of redemption.  But Mrs. Bolln could have redeemed from Lambe in case of foreclosure.  A first mortgagor is perfectly secure in his rights as such as against a second incumbrancer.  (Bank v. Paper Co., 1 L. R. A. 334.) Althought barred by limitations a mortgagor cannot quiet his title against the mortgage without paying or offering to pay the debt (19 R. C. L. 242), so, all that passed under the Bolln foreclosure was Sprachlen's equity of redemption.  (4709 Comp. Stats. 1910.)  Lambe, under his first mortgage received all the title which the mortgagor then had in the premises.  (27 Cyc. 1338.)  In his third mortgage, he acquired his equity of redemption from the Bolln second mortgage.  Subsequent to September 27th, Lambe had all the title which the mortgagor then had, except the equity of redemption, plus right of possession under his deed.  A mortgagee purchasing the equity of redemption

succeeds to the mortgagor's title as it stands and is entitled to possession, (19 R. C. L. 248; 34 L. R. A. 356). Lambe and his successors in interest have continued in possession since September 27, 1910, which arrested the running of the statute of limitations. (19 R. C. L. 248.) The doctrine of merger does not apply as against defendant in error since there was no intention that the prior mortgage should be merged and thus discharged. It still remains as a prior lien upon the land. The foreclosure proceedings did not join Lambe as a party and he was not required to come in and prove his mortgage.

*Maurer & Walker,* and *Ross & Ellery,* for Plaintiff in Error on Submission.

The question in issue is the right of possession. No equitable defense was pleaded, (15 Cyc. 100). The legal right of possession at the time of the. commencement of the suit is all that is required, (Anderson v. Rasmussen, 5 Wyo. 44). The legal title was the sole issue. (Mathews v. Nefsy, 13 Wyo. 458.) Plaintiff established a prim'a facie case by the sheriff deed. (Mathews v. Nefsy, supra, 15 Cyc. 125.) This shifted the burden of proof to defendant. (Barber v. Robinson, 80 N. W. 968; Swift v. Mulkey, 12 Pac. 76; Norris v. Hall, 82 N. W. 832.) The plaintiff's title relates back to the date of the mortgage. (Powers v. Pense, 20 Wyo. 327.) The sheriff's deed did not affect Mrs. Bolln's title. A mortgage is not a conveyance, but a mere security. (Robinson v. Davis, 26 Wyo. 484; Balch v. Arnold, 9 Wyo. 17.) The deed from Sprachlen to Lambe was given as security and for all purposes was a mortgage in effect. (27 Cyc. 1029; Balch v. Arnold, supra; Ingersoll v. Davis, 14 Wyo. 120; Brinkerhoff v. Jones, 44 Wis. 398; Holland v. Company, 15 Mont. 460.) Defendant's interest was cut off by the sheriff's deed. Defendant is presumed to have had notice of the commencement of foreclosure. (Walter v. Kressman, 25 Wyo. 292.) Plaintiff by her sher-

iff's deed showed a right to possession of the land involved.

*Harvey, Hawley & Garst,* for Defendant in Error on Submission.

There was no apparent intention on the part of Sprachlen and Lambe to merge the first mortgage dated February 9th, 1903; it still remains of record unreleased. For the purpose of brevity we believe that some of the various transactions affecting the title of this land can be eliminated without affecting the rights of either party hereto either one way or the other; Lambe took a first and third mortgage from Sprachlen; a second or intervening mortgage was taken by Mrs. Bolln. The question of merger is one of fact not settled by the record of a deed from the mortgagor, (27 Cyc. 1380). Merger will not be applied where it will result in an injury or injustice to the mortgagee, which he could preserve by keeping the two estates distinct. The rule is applied in the taking of renewal notes; the mortgage continues as security for the debt in its new form, (27 Cyc. 1410). The note is merely evidence of the debt and a change in such evidence does not affect the debt itself. (3 Tiffany Real Property 2622.) We believe we can eliminate the third mortgage of record, also the second mortgage to Lambe and stand on the indebtedness and prior lien of the first mortgage. Lambe was put in possession by the mortgagor prior to the foreclosure of Mrs. Bolln's mortgage and therefore has the right to possession. (Jones v. Rigby, 43 N. W. 290.) One claiming through a mortgagor who has placed his mortgagee in possession cannot maintain ejectment against the mortgagee while the mortgage remains unsatisfied, even though an action thereon by the mortgagee is barred by the statute of limitations. (Spect v. Spect, 26 Pac. 203; Burns v. Hiatt, 87 Pac. 196; 7 L. R. A. 276; Bryan v. Kales, 162 U. S. 802.) Defendant is entitled to the same equities and defenses in this action as Lambe would have been. (Cook v. Cooper, 22 Pac. 945.)

KIMBALL, J.

This is an action under the statute, now § 6236, Wyo. Comp. Stat. 1920, for the recovery of real property. George H. Sprachlen, being the owner of the land in question, gave three mortgages upon it. The first, in 1903, to George I. Lambe, to secure a note for $414; the second, in 1904, to Pauline Bolln, as administratrix, to secure a note for $264; and the third, in 1907, to George I. Lambe, to secure a note for $1681, which included the debt secured by the first mortgage. While the land was thus encumbered, Bolln, as administratrix, the holder of the second mortgage, commenced a foreclosure action in which Sprachlen was the sole defendant, and in 1909 obtained in that action judgment for the debt secured by the second mortgage, with decree for its foreclosure by sale of the mortgaged lands. In 1910, before levy or sale under that decree, Sprachlen gave a warranty deed of the lands to George I. Lambe, the holder of the first and third mortgages. This deed recited a consideration of $2500.00. It contained no reference to the mortgages or the judgement, and upon its face was unconditional. By parol evidence, it was proved at the trial that the consideration for this deed was the payment of the amount owed Lambe by Sprachlen, and the promise by Lambe to pay "the Bolln mortgage and judgment." Sprachlen's notes, held by Lambe, were to be delivered to the former, but it does not appear whether or not this was done, and the mortgages by which they were secured were not released. It was proved, also by parol, that it was agreed between Sprachlen and Lambe, at the time of giving this deed, that Sprachlen should have a year "to redeem the land; that is, Sprachlen should have the land back if, within a year, he paid Lambe the consideration mentioned in the deed. Upon the delivery of this deed, Lambe took possession of the land, and he and his grantees have continued in possession.

The Bolln judgment was not paid, and in 1911, under an order of sale issued thereon, the mortgaged premises were sold to Pauline Bolln, the plaintiff in this action, for $645, which was about $200 more than the amount of the judgment, and in June, 1912, after the expiration of the redemption period, sheriff's deed was executed and delivered to her. In September, 1912, George I. Lambe and Anna R. Lambe, by warranty deed, conveyed to Thomas H. Lambe and George A. Lambe; in 1915, Annie R. Thomas H., and George A. Lambe conveyed by quit-claim deed to S. H. Clammer, who in the same year by similar instrument conveyed to the defendant. In none of these deeds is any reference made to any mortgage, judgment or other lien affecting the property. All of the evidence in the case was introduced by plaintiff, and the facts proved, as stated above, are undisputed.

This action was commenced in 1917. Trial was to the court without a jury, and resulted in a judgment for defendant. The plaintiff brings error.

The acceptance by Lambe of the third mortgage, which included the amount due on the first mortgage, did not, in the absence of an agreement to the contrary, discharge the lien of the first mortgage. (1 Jones on Mtgs. § 355, 930; First Nat'l. Bank v. Citizen's State Bank, 11 Wyo. 32, 70 Pac. 726; Bachman v. Hurtt, 26 Wyo. 332, 184 Pac. 709.) Lambe continued to hold first and third liens on the property, unaffected by the decree foreclosing the second mortgage, as he was not a party to that action, but he did not have, by virtue of his mortgage liens, any legal title or right to possession (Robinson Merc. Co. v. Davis, 26 Wyo. 484, 187 Pac. 931), and could not have maintained ejectment even after condition broken, before foreclosure and sale.

The defendant, conceding the foregoing, claims a right to possession as a "mortgagee in possession." It contends that Lambe, who, on the delivery to him of the deed from Sprachlen, in 1910, entered into possession with the con-

sent of the mortgagor, was thereafter entitled to hold possession, by virtue of the lien of his first mortgage, until the debt was paid, and that defendant, as the successor of Lambe, was entitled to the same right.

The defendant does not claim that Lambe acquired any title to the land by virtue of the deed from Sprachlen to him, given after the judgment against Sprachlen in the foreclosure proceedings; nor does it assert that the *mesne* conveyances thereafter had any effect pertinent to the issues in this case, except to assign to defendant Lambe's first mortgage, and his right thereunder as mortgagee in possession.

The decision of the case does not require a discussion of the law regarding the rights of a mortgagee in possession. The doctrine is stated and explained in 3 Pomeroy Eq., §§ 1189, 1190, and 2 Jones Mtgs., § 715, 716, and the cases there cited. Lambe, after taking possession of the land, was entitled to invoke this doctrine to protect his possession unless it appear that the lien of his first mortgage was extinguished or postponed so as to give the judgment lien of the Bolln or second mortgage priority over it.

The evidence did not prove that the deed from Sprachlen to Lambe was intended as a mortgage. In Weltner v. Thurmond, 17 Wyo. 268, 98 Pac. 590, it is stated that the result of a transaction will not be held a mortgage unless there is proof of the continuance of the debt as a personal obligation of the grantor. Other authorities agree that this is the true test. (1 Jones Mtgs., §§ 265, 267, 269; Conway's Exrs. v. Alexander, 7 Cranch. 218, 3 L. Ed. 321; McNamara v. Culver, 22 Kans. 661; Carroll v. Tomlinson, 192 Ill. 399, 61 N. E. 484, 85 Am. St. Rep. 344; John R. O'Reilly, Inc., v. Tillman, (Wash.) 191 Pac. 866; Bailey v. Trust Co., 188 Mo. 483.) It is clear there was no intention that the debt of Sprachlen to Lambe should be continued in force after the passing of the deed, but on the other hand the uncontradicted evidence showed the intention that the debt be paid, and therefore, applying the foregoing test, the deed

cannot be considered a mortgage. When it was stated
that Sprachlen had a year to redeem the land, it is evi-
dent that the word "redeem" was used in the sense of
repurchase. Weltner v. Thurmond, *supra*. As no one
now claims any right under this verbal agreement for re-
purchase, and the time for its enforcement having elapsed,
it is not necessary to inquire into its validity or enforce-
ability.

We have, then, this situation; Lambe, the first mort-
gagee, took from Sprachlen, his mortgagor, a deed to the
mortgaged premises, and as the consideration therefor,
agreed that the first mortgage was thereby paid, and that
he would pay the second mortgage debt, then in judgment.
That is, the amount due on the judgment, being a part of
the purchase price, was not paid but was retained by
Lambe, and became immediately due as a primary obliga-
tion from him to the second mortgagee, who had become
the judgment creditor. Such an agreement to assume
a mortgage debt may be by oral promise, and is not with-
in the statute of frauds. (19 R. C. L. pp. 373, 375, 381; 2
Jones Mtgs. § 740; Woodburn v. Harvey, (Kan.) 190 Pac.
620; Goode v. Bryant, 118 Va. 314; 87 S. E. 588.)

This brings us to the question decisive of the case,
which is, whether Lambe's first mortgage is still subsist-
ing and retains its priority, or whether it is in reality,
though not perhaps in form, extinguished. The question
may be considered in connection with the rules concerning
merger. It is well established law that, where there are
two mortgages upon an estate, and the first mortgagee
takes a conveyance of the equity of redemption, his first
mortgage will not necessarily be merged, but he may keep
it alive against the second mortgage. This rule against
merger is invoked when the justice of the case requires it,
and to carry out the intention of the parties, which inten-
tion may have been either expressed by their actions, or
may be presumed from a consideration of their interests.
Its object is to protect the purchaser of the equity of re-

demption from a junior lien which he is not obligated to pay. (2 Jones Mtgs., § 848; 2 Pomeroy Eq. § 792.) But where, as in this case, the first mortgagee, taking the conveyance of the equity of redemption, agrees to pay the second mortgage, his own mortgage is merged and discharged, so that the junior mortgage takes precedence. This is stated as a general rule in 2 Jones on Mortgages, §- 740, on authority of Fowler v. Fay, 62 Ill. 375. The principle is recognized in Brown v. Stead, 5 Sim. 535, 58 Eng. Reprint 439; Grace v. Gill, 136 Mo. App. 186, 116 S. W. 442; Huebsch v. Scheel, 81 Ill. 281; Rogers v. Herron, 92 Ill. 583; Goos v. Goos, 57 Nebr. 294, 77 N. W. 687; and Kneeland v. Moore, 138 Mass. 198. We have not been able to find any authority to the contrary. The cases of Woodward v. Davis, 53 Ia. 694, 6 N. W. 74, and McElhaney v. Shoemaker, 76 Ia. 416, 41 N. W. 53, justify the inference that this rule was there recognized and would have been applied if the evidence had shown a promise by the grantee of the equity of redemption to pay the junior liens. See also Nelson v. Ferris, 30 Mich. 497, similar in theory, but where the right to personal property was in question, and Barry v. Garth Educational Soc. (Ky.) 217 S. W. 674, where it is held that a grantee who had agreed with his grantor to pay a mortgage could not set up, as superior thereto, an outstanding title which he had acquired.

We are therefore of opinion that the plaintiff was entitled to possession of the land in question by virtue of the legal title acquired by her purchase at the sale on foreclosure of the second mortgage which had become the senior encumbrance upon Lambe's agreement to pay it. After that agreement, neither Lambe, nor the defendants as his assignee, had any lien upon which to predicate a right as mortgagee in possession.

The judgment will be reversed, with directions that a judgment be entered for plaintiff for possession of the land.

POTTER, C. J., and BLYDENBURGH, J., concur.