## WAKEMAN v. BOARD OF COMMISSIONERS OF WESTON COUNTY

(No. 1522; Feb. 5, 1929; 274 Pac. 12)

54

*E. E. Wakeman,* of Newcastle, for appellant.

No appearance or brief on behalf of respondent.

TIDBALL, District Judge.

This case arose on a claim presented by Mary Wakeman, the plaintiff and appellant, to the Board of County Com-

missioners of Weston County, Wyoming, for a refund of moneys paid by her to Weston County at a sale of real estate for delinquent taxes. The claim was rejected by the Board of County Commissioners, and plaintiff appealed to the District Court of Weston County, where the claim met the same fate, and an appeal has now been prosecuted to this court from the adverse ruling of the District Court.

The facts, briefly stated, are as follows: One George Sewall was charged with taxes for the year 1921 on real estate, personal property, school poll and road poll taxes. The taxes being unpaid and having become delinquent, the county treasurer of Weston county sold the real estate at tax sale on September 6, 1922, to plaintiff and appellant, for the full amount of the taxes charged against Sewall on real and personal property and school poll and road poll taxes. Appellant paid the full amount of the taxes as charged, with penalties, interest and costs, and received a certificate of purchase.

On August 1, 1925, Emil Krause held a mortgage on the real estate in question. The mortgage was originally given prior to the levy of the 1921 taxes and was renewed from time to time by the giving of new notes and mortgages and by certain transfers, until the mortgage finally came into the possession of Emil Krause. However, the lien of the Krause mortgage dated back to the giving of the original mortgage, which was prior to the levy of the taxes in question. Where a mortgage is renewed without the payment of the debt and with no intention to extinguish the original debt, the lien of the renewal mortgage relates back to the time of the original mortgage and continues unbroken under the renewal mortgage. First National Bank of Sheridan v. Citizens' State Bank of Dubuque, 11 Wyo. 32, 70 Pac. 726; Powers v. Pense, et al., 20 Wyo. 327, 123 Pac. 925; 40 L. R. A. (N. S.) 785; Bachman v. Hurtt, 26 Wyo. 332, 184 Pac. 709; Bolln v. La-Prele Livestock Co., 27 Wyo. 335, 196 Pac. 748.

The statute, Sec. 2858, W. C. S. 1920, amended by S. L. 1923, Ch. 70, makes a tax upon real estate a lien prior to any existing liens, and also constitutes a tax upon personal property a lien upon the real estate of the person assessed, but such lien is subordinate and inferior to an antecedent mortgage upon the real estate. Lobban v. State, 9 Wyo. 377, 64 Pac. 82. Such personal property tax lien has been expressly made subordinate to prior liens since 1923 by statute. 1923 S. L., Ch. 70. A tax is not a lien unless expressly made so by statute. Lobban v. State, supra. The statute regarding poll taxes, Secs. 2864 and 3053, W. C. S. 1920 does not expressly make poll taxes a lien upon real estate.

So the personal property tax against Sewall was a lien on the real estate sold for taxes and should have been included in the total tax for the collection of which the property was sold. However, the lien of such personal property tax was subordinate and inferior to the Krause mortgage, so that Krause had a right to redeem upon the payment of the real estate tax alone. Wakeman, the plaintiff and appellant, probably still held a lien for the personal property tax paid by her, but such lien was subordinate to the mortgage lien. It therefore follows that the county treasurer was right in allowing the mortgagee to redeem upon payment of the real estate tax alone, and the county commissioners were right in refusing to rebate the personal property tax to Wakeman after the land was properly sold for the personal property tax, it being made a lien thereon by statute, though inferior to the mortgage lien.

As to the poll tax, that is different. It did not constitute a lien on the land, because not expressly made so by statute. Therefore, the county treasurer had no right to include it among the real and personal property tax as constituting a lien upon the lands. However, such an erroneous inclusion did not render the sale void, Sec. 2846, W. C. S. 1920, but it was the duty of the county, upon allowing the redemption of the land and thus placing it beyond its

power to give the purchaser at the tax sale a deed, to reimburse the purchaser for the amount of the poll tax, penalty and interest thereon, paid by her. Sec. 2892, W. C. S. 1920.

We should perhaps state that this case was submitted to this court without oral argument and upon the brief of the plaintiff and appellant alone, the defendant having neglected to appear in this court either in person or by brief.

The judgment of the District Court is modified to the extent above indicated, and, as so modified, is affirmed, the appellant to pay all the costs of this appeal.

*Affirmed.*

KIMBALL, J., and RINER, J., concur.