Earl L. WILLIAMS, Jr. and Edith M.
Williams, Husband and Wife,
Appellants (Plaintiffs),

v.

FIRST WYOMING BANK, N.A.,
Laramie, a corporation,
Appellee (Defendant).

No. 87–105.

Supreme Court of Wyoming.

Sept. 1, 1987.

Earl L. Williams, Jr., Laramie, for appellants.

Becky N. Klemt of Pence and MacMillan, Laramie, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

The district court granted a summary judgment to the defendant, First Wyoming Bank, in this suit seeking to vacate a mortgage foreclosure sale and discharge of the mortgage.

We affirm.

In June 1986, appellee bank foreclosed on three mortgages executed by appellants Earl Williams, Jr. and Edith Williams on a parcel of property in Laramie. The metes and bounds description of the property in all three mortgages incorrectly located a point in the northeast instead of the northwest corner of a lot. All three mortgages correctly located the property using a lot and block description, and two contained the correct street address.

The Laramie Daily Boomerang published the foreclosure notices under a heading of "Notice of Suit," although the bank had ordered them to be published under a heading of "Notice of Sale." These published notices contained a corrected metes and bounds description followed by the erroneous description placed in parentheses. The notices were unsigned. Appellee purchased the property at a sheriff's auction on June 2, 1986. Appellants' redemption period expired on October 1, 1986.

On September 30, 1986, appellants filed suit to vacate the sale because of the error in description and because the published foreclosure notices bore the heading "Notice of Suit" and were unsigned. On Feb-

ruary 26, 1987, the district court granted summary judgment to the appellee.

When the property description in a mortgage contains an error, the mortgage still creates a valid lien if the description sufficiently identifies the property. *Robinson Mercantile Company v. Davis*, 26 Wyo. 484, 187 P. 931 (1920). In the instant case, the mortgage described the property not only by its metes and bounds, which, save for an obvious and corrected error, located the property exactly, but also by a lot and block description and street address. This property was sufficiently identified under the circumstances.

Section 34–4–105, W.S.1977, requires five items of information to be included in a foreclosure notice. Neither a heading nor a signature is required. This court will not enlarge, expand, nor extend a statute to matters outside of its express provisions. *Lo Sasso v. Braun*, Wyo., 386 P.2d 630 (1963). The appellee's notice included the five required items and was sufficient.

Because this case involved no genuine issues of material fact, under Rule 56(c), W.R.C.P., the district court properly entered the summary judgment as a matter of law.

Affirmed.