623 P.2d 764 (1981)
In the Matter of a Petition for Declaration of Abandonment of VARIOUS WATER RIGHTS IN LAKE DeSMET RESERVOIR, BOARD OF CONTROL, DOCKET NO. II-77-2-1.
L SLASH X CATTLE COMPANY, INC., Morris Weinberg and L. Sallee Weinberg, Appellants (Petitioners),
v.
TEXACO, INC., and George L. Christopulos and the Board of Control for the State of Wyoming, Appellees (Respondents).
No. 5329.
Supreme Court of Wyoming.
February 4, 1981.
*765 Stuart S. Healy of Kennedy, Connor & Healy, Sheridan, for appellants.
*766 William J. Kirven of Kirven & Kirven, Buffalo, and Edward W. Clyde, Salt Lake City, Utah, an attorney in good standing, State Bar of Utah, admitted specially for the purposes of this case upon motion of Kirven, for appellee Texaco, Inc.
John D. Troughton, Atty. Gen., and Thomas J. Carroll, III, Senior Asst. Atty. Gen., Cheyenne, for appellees George L. Christopulos and State Board of Control.
Before ROSE, C.J., and McCLINTOCK, RAPER, THOMAS and ROONEY, JJ.
ROONEY, Justice.
Appellants appeal from an order of the district court granting a motion of appellee Texaco, Inc. (hereinafter referred to as Texaco) to dismiss appellants' petition to review an order of the Board of Control. The motion was predicated upon a lack of standing on the part of appellants to continue the review procedure.
We affirm.
The order of the Board of Control denied, on its merits, appellants' request[1] to declare abandoned for nonuse two of Texaco's adjudicated water rights for diversion, storage and use of water in Lake DeSmet Reservoir. The two rights were senior in priority to rights appurtenant to appellants' ranch property near Leiter.
The hearing on appellants' request was held on October 23 and 25, 1978. For reasons not pertinent to this appeal, final consideration of the matter by the Board of Control was not had until November 30, 1979. In the interim, appellants sold the property to Mr. and Mrs. Elgin Miller. The Board of Control was aware of the sale; but it determined the matter on its merits, considering the ownership as of the time of the hearing. On January 29, 1980, the Board of Control denied appellants' request for a declaration of abandonment.
Previous to purchasing appellants' property, the Millers had agreed with Texaco's predecessor in interest not to challenge water rights held by it. The Millers refused to join appellants in their petition to the district court for review. Appellants' deed to the Millers contained a provision purporting to reserve appellants' right to continue the administrative proceeding before the Board of Control. Appellants took a second mortgage on the property from the Millers to secure payment of part of the consideration for the sale.
The issue before us is whether or not the district court erred in its determination that appellants lacked standing to seek review of the order of the Board of Control.[2] We emphasize that such is the only issue before us, and we note the distinction between appellants' standing in the district court and their standing in this court. Lack of the former warrants a dismissal of their action and prevents consideration of their contentions on the merits thereof. Standing exists in this court for them to contest the determination of standing itself in the district court. There is a right to appellate determination of the ruling of the district court on questions such as standing, jurisdiction, real party in interest, etc. Finding a correct ruling on the issue in the district *767 court, we affirm rather than dismiss the appeal. See 5 Am.Jur.2d Appeal and Error § 905, et seq.
"Standing to sue" is a right to relief and goes to the existence of a personal claim for relief. It includes a legal disability, such as insanity or infancy, but it is more. It involves a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. It is closely related to the doctrine of mootness. It requires sufficient personal interest in the outcome of litigation by way of injury or potential injury to warrant consideration by the court. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); Oakland Municipal Improvement League v. City of Oakland, 23 Cal. App.3d 165, 100 Cal. Rptr. 29 (1972); General Development Corporation v. Kirk, Fla.App., 251 So.2d 284 (1971); Guidry v. Roberts, La. App., 331 So.2d 44 (1976); Mobley v. Acme Markets, Inc., D.C.Md., 473 F. Supp. 851 (1979). Since it goes to the existence of a claim for relief and is jurisdictional in nature, it can be raised at any point in the procedure. Parker v. Bowron, 40 Cal.2d 344, 254 P.2d 6 (1953).
Appellants contend that they had standing to proceed in district court inasmuch as: (1) the fact of the sale of property was not before the Board of Control and could not be noticed by the district court through reference in a motion to dismiss; (2) Rule 25(c), W.R.C.P. confers the necessary standing; and (3) their position as mortgagees gives them the necessary standing.

FAILURE OF BOARD TO CONSIDER STANDING
The thrust of the first of appellants' arguments is that under Rules 12.08[3] and 12.09, W.R.A.P.,[4] a reviewing court is required to base its decision on the same record which was before the Board.[5] Therefore, they contend, it was improper for the trial court to consider the effect of appellants' transfer of title. However, we have often held that a jurisdictional question may be considered at any time.
"* * * The first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing court whenever it is raised by any party, or it may be raised by the court of its own motion. [Citation.]" Gardner v. Walker, Wyo., 373 P.2d 598, 599 (1962); and see Merritt v. Merritt, Wyo., 586 P.2d 550 (1978); Oedekoven v. Oedekoven, Wyo., 538 P.2d 1292 (1975); Joly v. Safeway Stores, Inc., Wyo., 502 P.2d 362 (1972).
The fact that the sale had been made was admitted by the appellants and thus a jurisdictional issue was unquestionably before the district court. Inasmuch as the statutory foundation for appeals from administrative action requires that the petitioner who asks for review must be "aggrieved or adversely affected in fact" (§ 9-4-114, W.S. 1977), the district court was justified in addressing the jurisdictional question *768 presented by the motion to dismiss. Furthermore, appellants cannot claim lack of notice or surprise in the consideration of the jurisdiction issue by the district court. They presented argument and authority for their positions relative thereto at the hearing held on the motion to dismiss.

STANDING CONFERRED BY RULE 25(c), W.R.C.P.
Appellants point to Rule 25(c), W.R.C.P. as authority for them to have standing to continue the appeal to the district court after they sold the property. Rule 25(c) provides:
"(c) Transfer of interest.  In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."
Appellants note that the Regulations and Instructions, State Engineer's Office, Part IV, Board of Control, § 18, page 57 provides in pertinent part:
"Proceedings before a Hearing Officer shall be conducted in accordance with the rules of practice and procedure contained in the Rules of Civil Procedure * * *."
However, the appellate procedure provisions of the Rules of Civil Procedure were replaced by the later adopted Rules of Appellate Procedure. Rule 27, W.R.A.P. provides in pertinent part:
"From and after the effective date of these rules, * * * all other rules in conflict with these rules shall be of no further force or effect."
And Rule 1.01, W.R.A.P. provides:
"All appeals to the district court and Supreme Court shall be governed by these rules." (Emphasis supplied.)
Additionally, we recently held in Sage Club, Inc. v. Employment Security Commission of Wyoming, Wyo., 601 P.2d 1306 (1979) that Rule 12, W.R.A.P. exclusively controls appeals from administrative action.
Rule 12.01, W.R.A.P. provides that judicial review by a district court of administrative action taken in a contested case is available only to one "who is aggrieved or adversely affected in fact by a final decision of an agency." The sale of the property removed appellants from the status of one "aggrieved or adversely affected in fact" by the decision of the Board of Control.
This is in conformance with the general rule:
"Although a party may have had an appealable interest at the commencement of a suit, if his interest has terminated before judgment he cannot, as a general rule, appeal, and similarly a party to the action who, after judgment, conveys all his interest in the subject matter of the litigation loses his right to appeal, since he no longer has any interest in the litigation and is not injured by the result of the action. * * *" 4 Am.Jur.2d Appeal and Error § 179.

STANDING AS MORTGAGEES
Appellants' other contention for standing is premised on their status as mortgagees of the property. They argue a right to continue the action to protect the interests which they have in the property by virtue of the mortgage. They contend that they are "aggrieved or adversely affected in fact" by the order of the Board of Control.
This state, as does the majority of jurisdictions, follows the lien theory of mortgage law. A Wyoming mortgagee, therefore, has nothing more than a lien on the property with its appurtenant right of foreclosure. Robinson Mercantile Co. v. Davis, 26 Wyo. 484, 187 P. 931 (1920); Slane v. Polar Oil Company, 48 Wyo. 28, 41 P.2d 490 (1935). After default on a mortgage, the mortgagee's only remedy is foreclosure and public sale.[6]National Tailoring Co. v. Scott, 65 Wyo. 64, 196 P.2d 387 (1948); *769 International Distress Signals, Inc. v. McDowell, Wyo., 519 P.2d 224 (1974).
The interest in the property here retained by appellants is only a security interest in the amount of the mortgage debt. If a default were to occur, appellants would have the right to bid, as do others, for the property at the foreclosure sale and they would not be entitled to possession unless they outbid the others. As mortgagees, the appellants have the right to maintain an action to protect themselves from erosion of their security interest. For example, appellants would have standing to intervene if damage or waste were being done to the property which could reduce its value near to the amount of mortgage debt. Anderson v. Englehart, 18 Wyo. 409, 108 P. 977 (1910); and see 59 C.J.S. Mortgages § 334.
The denial of the petition for abandonment cannot be said to diminish the value of appellants' security. The denial does not jeopardize appropriated water rights which are appurtenant to the appellants' property. It does not change the bargain appellants made for the sale of their ranch. Appellants are entitled to receive the exact amount of money delineated by the promissory note. The mortgage which secures that obligation still exists.
Theoretically, one might perceive a period of extreme water shortage in which the cancellation of the two senior water rights of Texaco would enhance the value of the property and thus be beneficial to the appellants. However, a party is not considered "aggrieved" when there is only a remote possibility of injury. Hertz Corporation v. State Tax Commission, Mo., 528 S.W.2d 952 (1975).
"The interest which will sustain a right to appeal must generally be substantial, immediate, and pecuniary. A future, contingent, or merely speculative interest is ordinarily not sufficient." 4 Am.Jur.2d Appeal and Error § 180.
"* * * [P]leadings must be something more than an ingenious academic exercise in the conceivable. A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected by the agency's action. * * *" United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973).
And see, Sierra Club v. Morton, supra; Horse Creek Conservation District v. Lincoln Land Company, 54 Wyo. 320, 92 P.2d 572 (1939); Campbell v. Wyoming Development Company, 55 Wyo. 347, 100 P.2d 124 (1940); 4 C.J.S. Appeal and Error § 183b.
As a general rule, when a property right affected by a judgment has been transferred while an appeal is pending, the right of appeal follows the property interest. Farmers Insurance Group v. Worth Insurance Company, 8 Ariz. App. 69, 443 P.2d 431 (1968); 4 Am.Jur.2d Appeal and Error § 179; 4 C.J.S. Appeal and Error §§ 404 and 405. The right to appeal this action to the district court was transferred to the purchasers of the appellants' ranch with appurtenant water rights. The Millers have not chosen to pursue the action and, in the absence of fraud or collusion, they cannot be forced to do so. Carrington v. Crandall, 63 Idaho 651, 124 P.2d 914 (1942); 1 C.J.S. Abatement and Revival § 112 f, p. 163; Annot., 149 A.L.R. 829, III c and d.
Affirmed.
THOMAS, Justice, specially concurring with whom ROSE, Justice, joins.
I agree with all that the majority opinion states as to the standing of L Slash X Cattle Company, Inc., Morris Weinberg and L. Sallee Weinberg to pursue review of the decision of the Board of Control. I am persuaded, however, that having examined the standing of these parties to proceed by way of review in the district court and having concluded that they lacked standing, the disposition in our court should be dismissal for lack of jurisdiction rather than affirmance. Ginn v. Parrish, Wyo., 362 P.2d 824 (1961); Braasch v. Mandel, 40 *770 Del. Ch. 12, 15, 172 A.2d 271, 273 (1961); Insured Savings and Loan Association v. State, 242 Miss. 547, 135 So.2d 703 (1961). See also 5 Am.Jur.2d Appeal and Error, § 909 (1962), together with 4 Am.Jur.2d Appeal and Error, § 179 (1962).
NOTES
[1] The request was made pursuant to § 41-3-401, W.S. 1977, which reads in pertinent part:

"(a) Where the holder of an appropriation of water * * * fails, either intentionally or unintentionally, to use the water therefrom for the beneficial purposes for which it was appropriated, * * * during any five (5) successive years, he is considered as having abandoned the water right and shall forfeit all water rights and privileges appurtenant thereto. * * *
"(b) When any water user who might be affected by a declaration of abandonment of existing water rights, desires to bring about a legal declaration of abandonment, he shall present his case in writing to the state board of control. The board has exclusive original jurisdiction in water right abandonment proceedings. * * *
"(c) * * * The hearing shall be conducted pursuant to all applicable provisions of the Wyoming Administrative Procedure Act [§§ 9-4-101 to 9-4-115]. * * *
* * * * * *
"(e) * * * Appeals may be taken as provided by law." (Emphasis supplied.)
[2] As reason for dismissal of the action, the court stated that such was "* * * on the basis that the petitioners no longer have any standing * * *."
[3] Rule 12.08 provides:

"If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material, and there was good reason for failure to present it in the proceeding before the agency, the court in contested cases shall order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may adhere to or modify its findings and decision after receiving such additional evidence, and shall supplement the record to reflect the proceedings had and the decision made. Supplemental evidence may be taken by the court in cases involving fraud or involving misconduct of some person engaged in the administration of the law affecting the decision. In all cases other than contested cases additional material evidence may be presented to the court."
[4] Rule 12.09 provides in pertinent part:

"The review shall be conducted by the court without a jury and shall be confined to the record as supplemented pursuant to Rule 12.08, W.R.A.P., and to the issues raised before the agency. * * *"
[5] The fact of sale was made known to the Board of Control before it finally considered this matter. Texaco informed the Board by letter. Appellants responded to the letter. However, the Board made its decision on the merits of the case.
[6] Foreclosure may be by power of sale pursuant to §§ 34-4-101 through 34-4-113, W.S. 1977, or it may be judicial pursuant to §§ 1-18-101 through 1-18-112, W.S. 1977.