INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL NO. 279, and Guy Cameron, an individual, Appellants (Plaintiffs),

v.

The CIVIL SERVICE COMMISSION OF the FIRE DEPARTMENT OF the CITY OF CHEYENNE, and Ray Schwarting, as Chairman of the Commission, and William Raper and Robert Fleming as members thereof; Don Erickson, in his capacity as Mayor of the City of Cheyenne; and the City Council of the City of Cheyenne, and William Anderson, Carrol E. Clark, Joan Clark, Jane Crawford, Marvin Gertsch, Wanda McCue, George "Scotty" Reid, Ron Rogers, J. Robert Storey, as members of the City Council, Appellees (Defendants).

No. 84–244.

Supreme Court of Wyoming.

July 12, 1985.

Rodger McDaniel and Jennifer Hager, Cheyenne, for appellants.

No appearance on behalf of appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

■ Appellants filed a petition in the district court seeking (1) a review of the administrative action taken by the Civil Service Commission of the Fire Department of the City of Cheyenne to amend the civil service rules, and (2) a declaratory judgment that the amendments resulted in an unconstitutional impairment of contractual rights.[1] Appeal is taken from the order denying relief.

We affirm.

Appellants word the issues on appeal: "I. DID THE EXPIRATION OF THE 1983–1984 CONTRACT BETWEEN THE CITY OF CHEYENNE AND THE APPELLANT LABOR ORGANIZATION RESULT IN THE CONTRACTUAL IMPAIRMENT ISSUE BECOMING MOOT?

"II. DO THE AMENDMENTS TO THE CIVIL SERVICE RULES PROMULGATED BY THE APPELLEES UNCONSTITUTIONALLY IMPAIR THE CONTRACT BETWEEN THE APPELLANT LABOR ORGANIZATION AND THE CITY OF CHEYENNE?

"III. WERE INDIVIDUAL MEMBERS OF THE APPELLANT LABOR ORGANIZATION INJURED AS A RESULT OF THE ADOPTED AMENDMENTS SO AS TO GIVE THE APPELLANTS STANDING TO RAISE THE ISSUES IN THE DISTRICT COURT?"

On June 6, 1983, appellant International Association of Fire Fighters, Local No. 279, represented by appellant Guy Camer-

---

1. Inasmuch as the governing body of a city is not an agency within the purview of the Wyoming Administrative Procedure Act (see § 16-3-101(b)(i), W.S.1977), we treat this appeal as from a ruling in a declaratory judgment action insofar as it pertains to the governing body of the City of Cheyenne.

on, entered into a "Collective Labor Agreement" with the City of Cheyenne, effective June 30, 1983 to June 30, 1984. It contained a provision that Chapter V of the Cheyenne Fire Department Civil Service Commission Rules and Regulations was "adopted by reference." Chapter V involved promotion and eligibility lists. It provided in part:

"Section 1. * * * All promotions shall be made in the order the names appear on the list.

\* \* \* \* \* \*

"a. Promotion examinations may be held to meet or to anticipate the needs of the Fire Department. * * *

\* \* \* \* \* \*

"Section 4. *Requirements for Eligibility List.* After each examination, the Commission shall prepare an eligible list which shall contain the names of those applicants in the order of their relative marking who have attained the minimum rating required by the Commission.

"Such eligible list shall expire at the end of two years from the date of the examination."

The Commission adopted amendments to these rules, effective March 9, 1984. It eliminated the first quoted sentence from Section 1 of Chapter V, and it eliminated the sentence last quoted from Section 4 of Chapter V.

In short, the changes resulted in eliminating the requirement that the eligibility list expired after two years and allowed a promotion to be awarded to one of the three at the top of the eligibility list rather than awarding it to the one at the top of the list.

In his opinion letter, the Honorable Joseph F. Maier, District Judge, adequately and properly considered the issues relative to the moot nature of the contract impairment issue and relative to standing. Judge Maier said in part:

" * * * The plaintiffs' (petitioners') principal contention is that the adoption of the disputed amendments by the Civil Service Commission and the three city council members, pursuant to statute, resulted in a violation of the constitutional prohibition against the impairment of contracts. * * * This contention is premised on the fact that the contract which existed at that time, between the labor union and the city specifically incorporated by reference Chapter V of the Cheyenne Fire Department's Civil Service Rules and Regulations, portions of which were altered by the March 1984 Amendments. The terms of the contract, however, specifically provide that the contract in question was to be effective from '12:00 midnight June 30, 1983 ... until 12:00 midnight June 30, 1984.'

"On motion of the plaintiffs (petitioners) this Court issued an order granting a stay pending appeal, which order was entered on January 23, 1984. * * * Because of the stay order entered on January 23, 1984, the above mentioned contract has been enforced according to the rules and regulations of the Civil Service Commission as they existed before the disputed amendments were adopted; further, the plaintiffs have not alleged that any specific individual has been denied rights granted under the aforementioned contract as a result of the disputed amendments nor does the record indicate that any such injury occurred. In fact, the parties, through their counsel, filed on January 6, 1984, a stipulation in which they state, among other things, that:

" '1. No vacancies presently exist in the Fire Department of the City of Cheyenne.

" '2. No letters of resignation have been received by the defendants from any of the current fire fighters of the City of Cheyenne. ...'

"When these stipulated facts and the allegations of the plaintiffs['] (petitioners['])) pleading are considered, it becomes obvious that the contract which is alleged to have been unconstitutionally impaired by reason of the amendments adopted, expired on June 30, 1984, at twelve midnight. Up until that date, by reason of the Court's order of stay, there

was no application of these rules, or enforcement of these rules, as amended, to plaintiff or any of the members of plaintiff's union. Plaintiffs have wholly failed to allege that any specific individual has been denied any rights granted under the aforementioned contract as a result of the disputed amendments. Consequently, it would appear that the impairment of contract issue is moot and plaintiffs have no standing to pursue their claim with respect to that matter.

" '... A court will not undertake to decide a question which is unrelated to an actual controversy or which by a change in the condition of affairs has become moot, whether the question became moot before or after the commencement of the action.' 20 Am. Jur.2d Courts, § 81.

"The authority last quoted also states, at pages 443 and 444, as follows:

" '... Courts have the authority and often the duty to dismiss a moot case on their own initiative ...'

"As the Wyoming Supreme Court has stated in *Spratt v. Security Bank of Buffalo*, (Wyo.1982), 654 P.2d 130, in discussing the question of standing standing to sue is jurisdictional in nature, and can be considered at any point during the course of litigation.

"The Wyoming court also said, in *Matter of Various Water Rights in Lake DeSmet*, (Wyo.1981) 623 P.2d 764:

" 'Standing to sue is a right to relief and goes to the existence of a personal claim for relief ... it involves a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. It is closely related to the doctrine of mootness.'

"The Court concludes, therefore, that the controversy sought to be raised by plaintiffs (petitioners) regarding the impairment of contract has been rendered moot by the expiration of the contract on which parties based their contentions. To the extent that a justiciable controversy may have existed while the contract was in effect, if at all, the record reveals no individual in this litigation who suffered injury as a result of the adopted amendments and therefore none of the plaintiffs have shown that they have standing to continue the litigation on that issue. * * * "

 Appellants argue that the appellees were obligated to maintain the eligibility of all individuals who were placed on the promotional list for a period of two years from the date of the examination. The suggestion is that the matter is not moot as to the rights of those on the list. However, the contract did not obligate the maintenance of an eligibility list for two years. It mandated the expiration of the list in two years—a mandate with the purpose of not continuing a stale list. It did not prohibit the establishment of a new list at an earlier time. In fact, the other language of the contract anticipated new lists. Section 4 of Chapter V directs the preparation of a new list "after each examination," and Section 1a thereof authorizes promotional examinations to be held "to meet or to anticipate the needs of the Fire Department." The reasoning used in interpretation of statutes is applicable to the interpretation of rules made pursuant to statute, i.e., all portions of the act must be read in pari materia and every word, clause and sentence of it must be given effect, all with the purpose of ascertaining intent. *Haddenham v. City of Laramie*, Wyo., 648 P.2d 551, 553 (1982).

The order of the district court is affirmed.

THOMAS, C.J., filed a specially concurring opinion in which ROSE, J., joined.

THOMAS, Chief Justice, with whom ROSE, Justice, joins, specially concurring.

I agree with the result reached in the majority opinion of the court. For myself, however, I would ground the affirmance strictly upon the proposition that the union and its representative have no standing to assert that the rule amendment unconstitutionally impairs their labor contract.

A fundamental aspect of the doctrine of standing is that those who press an issue

must allege "a personal stake in the outcome of the controversy." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977). It is the personal stake in the result which guarantees a full and complete adversary presentation of the case. *Spratt v. Security Bank of Buffalo, Wyoming*, Wyo., 654 P.2d 130, 134 (1982); In the *Matter of Various Water Rights in Lake DeSmet Reservoir*, Wyo., 623 P.2d 764, 767 (1981); *Sierra Club v. Morton*, 405 U.S. 727, 731–732, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636, 641 (1972). In Wyoming this personal stake has been described as a "tangible interest at stake." *Cremer v. State Board of Control*, Wyo., 675 P.2d 250, 254 (1984); *Washakie County School District Number One v. Herschler*, Wyo., 606 P.2d 310, 316 (1980), cert. denied 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980). It has been our requirement that one asserting an issue be "sufficiently affected to insure that a justiciable controversy is presented to the court." *Cremer v. State Board of Control*, supra, 675 P.2d at 254; *Washakie County School District Number One v. Herschler*, supra, 606 P.2d at 317.

The International Association of Firefighters, Local No. 279, as an association, is free to assert the associational rights of its members. *Warth v. Seldin*, supra, 95 S.Ct. at 2211. To do so the association must show that it or at least some one of its individual members has been injured. *Warth v. Seldin*, supra, 95 S.Ct. at 2213. If the interests of its members are represented by the association then those members must be in a position to bring the action in their own right. *Warth v. Seldin*, supra, 95 S.Ct. at 2214. As the majority opinion notes, in this case the petitioners have not alleged actual or imminent harm to any of the six members found at the top of the promotional lists. No one has been denied a promotion on the basis of any change in the personnel rules; it was stipu-

lated that there was not even an opening for promotion. These petitioners then "rely on little more than the remote possibility, unsubstantiated by allegations of fact, that their situation might have been better had the respondents acted otherwise, and might improve if the court were to afford relief." *Warth v. Seldin*, supra, 95 S.Ct. at 2209–2210.

The requirement that this court decide only justiciable controversies does not recognize an exception for a declaratory judgment action. *Brimmer v. Thomson*, Wyo., 521 P.2d 574, 579 (1974); *Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989, reh. denied 368 U.S. 869, 82 S.Ct. 21, 7 L.Ed.2d 69 (1961). See *Washakie County School District Number One v. Herschler*, supra, 606 P.2d at 317. The standard may be relaxed if questions of "great public interest or importance" are involved (*Washakie County School District Number One v. Herschler*, supra, 606 P.2d at 318, citing *Brimmer v. Thomson*, supra, 521 P.2d at 578), but that relaxation standard must be applied with caution. There is nothing in this case which indicates that the traditional rules of justiciability should be relaxed.

I recognize the concept of mootness relied upon by the district court and apparently espoused by the majority in this decision. But mootness assumes that there at one time did exist a justiciable controversy. See *DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974); *Firefighters Local Union No. 1784 v. Stotts*, — U.S. —, 104 S.Ct. 2576, 2585, 81 L.Ed.2d 483 (1984); *Gulf Oil Corporation v. Wyoming Oil and Gas Conservation Commission*, Wyo., 693 P.2d 227 (1985); *State Department of Revenue and Taxation v. Guadagnoli*, Wyo., 677 P.2d 823, 830 (1984); *Walker v. Board of County Commissioners, Albany County*, Wyo., 644 P.2d 772, 774 (1982); *Northern Utilities, Inc. v. Public Service Commission of Wyoming*, Wyo., 620 P.2d 139, 139–140 (1980). Since standing to bring an action is jurisdictional in nature, however (*Spratt v. Security Bank of Buffalo*, supra, 654 P.2d

at 134; In the *Matter of Various Water Rights in Lake DeSmet*, supra, 623 P.2d at 767), there never was a justiciable controversy in this case, and consequently there is no room for the application of the doctrine of mootness.

As indicated, I would affirm the trial court, but for the reasons articulated in this separate opinion.