OPINION OF THE COURT
Mark C. Dillon, J.
*735 On October 5, 1999, the petitioner commenced this proceeding pursuant to CPLR article 78 by the filing of a notice of petition and verified petition. On November 22, 1999, the respondents filed a verified answer. Petitioner then filed a reply and respondents filed a sur-reply. The original return date on the petition was October 29, 1999, which was adjourned on consent to December 20, 1999.
By letter to the court dated January 6, 2000, the Town Attorney of the Town of Orangetown informed the court that on or about December 16, 1999, the petitioner filed a petition with the Federal Communications Commission (FCC) seeking a declaratory ruling that the Town’s local ordinance restricting the construction and location of satellite earth station antennas is preempted by the rules and regulations of the FCC. As a result, the Town Attorney requested an adjournment of the article 78 proceeding sine die pending the FCC’s determination. By letter dated January 11, 2000, petitioner’s counsel objected to any adjournment of this matter. A thorough review of all the filed papers, including a copy of the FCC petition, requires this court to stay the instant article 78 proceeding pending the FCC determination.
While both parties acknowledge that this court may well be bound by the FCC determination on collateral estoppel grounds, this court also recognizes the doctrine of primary jurisdiction in support of its decision to stay the article 78 proceeding.
The doctrine of primary jurisdiction seeks to promote proper relationships between the courts and administrative agencies charged with particular regulatory duties. (See, United States v Western Pac. R. R. Co., 352 US 59.) The reasons for the development of the doctrine are essentially twofold: a need for the expertise and specialized knowledge of an administrative agency and a need for consistency and uniformity in an industry which is nationally regulated. (See, Far E. Conference v United States, 342 US 570.) New York State Supreme Court Justice Myriam J. Altman in Western Union Intl. v Western Union Tel. Co. (110 Misc 2d 78) stayed a civil action pending defendant’s application to the FCC. She noted that in invoking the doctrine of primary jurisdiction that: “There is a pronounced desirability in obtaining an agency determination where the subject matter of the litigation involves an industry which is subject to pervasive regulation.” (Supra, at 83.)
In the case at bar, there is no dispute that the area of satellite transmission and reception is highly regulated by the *736 Federal Government. Moreover, the FCC determination regarding whether or not the Orangetown zoning ordinance should be preempted by the FCC rules and regulations will have a direct bearing on the outcome of the article 78 proceeding.
Accordingly, the article 78 proceeding is hereby stayed for a six-month period.