BENTON, J.,
concurring.
I join the court’s opinion and write only to make clear that its thorough and lucid treatment of the merits is no endorsement of the procedural path that brought the case here. In July of 2003, before the City filed in circuit court seeking declaratory judgment, it had received what was in effect at least a declaratory statement, see § 120.565, Fla. Stat. (2009), from the Division of Retirement within the Department of Management Services, which the City apparently decided against appealing for dubious tactical reasons.
If the City had taken an appeal from the Division’s July 2003 determination, there is, to be sure, no reason to believe the City would have met with any more success than the Florida League of Cities, Inc., met with in Florida League of Cities, Inc. v. Florida Department of Management Services, 883 So.2d 803 (Fla. 1st DCA 2004) (table). In its unsuccessful challenge to the Division’s proposed rules 60Z-1.026 and 60Z-2.017, the League advanced the same arguments the City makes in the present case. See Fla. League of Cities v. Dep’t of Mgmt. Servs., No. 03-1117RP (DOAH Sept. 23, 2003) (upholding proposed rules on grounds the statutes to be implemented — notably sections 175.351(13) and 185.35(2), Florida Statutes (1997), as amended by sections 35 and 74, chapter 99-1, Laws of Florida — required that “[e]xtra benefits [already] enacted ... must be funded from premium tax dollars [already being] received”) aff'd, Fla. League of Cities, Inc. v. Fla. Dep’t. of Mgmt. Sens., 883 So.2d 803 (Fla. 1st DCA 2004).
Neither of the appellants in the present case has argued that the doctrine of exhaustion of administrative remedies required the City to appeal adverse agency action to a district court of appeal rather than litigating the propriety of the agency’s position anew in circuit court, see generally State ex rel. Dep’t of Gen. Servs. v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977) (describing the Administrative Procedure Act of 1974 as providing an “arsenal of varied and abundant remedies for administrative error” including “judicial review of [agency] orders affecting a party’s interests,” which “lessened” “the occasions for [circuit court] intervention”), so we need not decide the issue here.
Nor for the same reason do we need to decide any issue of primary jurisdiction: neither appellant has contended that the doctrine of primary jurisdiction required the circuit court to defer to the Division’s interpretation of the pertinent statutes (again, an interpretation that was no secret to the City). The doctrine of primary jurisdiction may come into play if a court is asked to resolve issues arising under a regulatory scheme that have been placed within the special competence of an administrative body like the Division of Retirement. See generally Nader v. Allegheny Airlines, Inc., 426 U.S. 290, 304, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976); United States v. W. Pac. R.R., 352 U.S. 59, 63-64, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); Talton Telecomm. Corp. v. Coleman, 665 So.2d 914, 918 (Ala.1995); Austin v. Centerpoint Energy Arkla, 365 Ark. 138, 226 S.W.3d 814, 817 (2006); Pub. Serv. Co. of Colorado v. Mile Hi Cable Partners L.P., 995 P.2d 310, 312 (Colo.Ct.App.1999); Atl. Satellite *844 Commc’ns, Inc. v. Duffy, 183 Misc.2d 734, 705 N.Y.S.2d 170, 171 (N.Y.Sup.Ct.2000); Glover v. State, 860 P.2d 1169, 1171 (Wyo. 1993).
In any event, considering the merits de novo today, we reach the same result as the Division of Retirement reached some years ago.